802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Prima SERRANO-TELLEZ, Plaintiff-Appellant,
v.
T.R. YOUNG, Warden, and United States Parole Commission,
Defendants-Appellees.
 No. 85-5401.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1986.
 
 Before KEITH and MERRITT, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The pro se petitioner, Primo Serrano-Tellez, is appealing the April 8, 1985, order of the district court dismissing his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2241 which challenges the decision of the United States Parole Commission to grade his offense as a category six. The petitioner contends that pursuant to 28 C.F.R. Sec. 2.20 his offense behavior should be placed in category five. This would result in an earlier presumptive parole date. The district court decision was rendered ill response to the United States' motion for summary judgment. Briefs have been filed by both the appellant and appellee.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner was convicted for conspiracy to possess and distribute cocaine, possession with intent to distribute cocaine and importation of cocaine and sentenced to thirteen (13) years imprisonment by the U.S. District Court for the Central District of California.
 
 
 4
 Petitioner was given his initial parole hearing pursuant to 28 C.F.R. Sec. 2.12 on April 11, 1984, .at the Federal Correctional Institution, Memphis, Tennessee. On May 2, 1984, the Commission advised petitioner that he was continued to a presumptive parole after service of eighty-four (84) months. The Commission stated that petitioner's offense behavior was placed in category six (6) because it involved more than one (1) kilogram of pure cocaine with a non-peripheral role. The Commission also noted a total of approximately ninety (90) pounds of quality cocaine was involved in the drug deal and some thirty-five (35) pounds of cocaine, ninety-one percent pure, were found in petitioner's cabin. Petitioner was described as the inside man whose cooperation was needed to make the operation succeed. In addition, the amount of cocaine involved was forty (40) times the amount needed for placement in category six. Petitioner appealed this determination to the Regional Commissioner under 28 C.F.R. Sec. 2.25;" the Commission affirmed the previous decision.
 
 
 5
 Petitioner then appealed to the National Appeals Board under 28 C.F.R. Sec. 2.26. The Commission modified the previous decision to a presumptive parole after service of seventy (70) months. The Commission thought keeping petitioner thirty-two (32) months above guidelines was excessive and suggested eighteen (18) months above guideline since the amount of cocaine was forty (40) times that necessary to be in category six. It was also noted that while petitioner was not the primary organizer in the drug deal, he was involved because he kept cocaine in his cabin and was to place it outside his room so divers could retrieve it.
 
 
 6
 18 U.S.C. Sec. 4203(b)(1) and (2) gives the Commission power to grant or deny an application or recommendation for parole and impose reasonable conditions on any order granting parole. Pursuant to 18 U.S.C. Sec. 4218(d) these decisions are actions "Committed to agency discretion" under the Administrative Procedures Act, Sec. U.S.C. Sec. 701(a)(2) and are not subject t I judicial review unless the Commission's decision is found to be an abuse of discretion. Solomon v. Elsea, 676 F.2d 282 (7th Cir. 1982).
 
 
 7
 The district court found that the Commission's factual findings as to the amount of cocaine involved in the drug transaction, petitioner's role and the decision to place him eighteen (18) months above the top of the guideline were necessary components of the Commission's ultimate decision to grant parole and are not subject to review. Farkas v. United States, 744 F.2d 37, 39 (6th Cir.1984). We hold that this is the correct decision.
 
 
 8
 Accordingly, it is ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.