805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Brown BURCH, Petitioner-Appellant,
v.
William R. STORY, Warden, et al., Respondents-Appellees.
 No. 86-5383.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1986.
 
 Before JONES, MILBURN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The petitioner moves for counsel on appeal from the district court's order denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner was convicted by a jury in federal district court in London, Kentucky of kidnapping. 18 U.S.C. Sec. 1201. He received a thirty-five year sentence. The Commission has ruled that he is not entitled to parole and must serve all thirty-five years of his sentence. The Commission relied upon the aggravating circumstances of the petitioner's crime when reaching this decision. During the kidnapping, a pregnant woman was raped by the defendant and three other men. Her male companion was placed in the trunk of a car, and shots were fired into the trunk.
 
 
 3
 The petitioner argues that it was improper for the Commission to consider these aggravating circumstances. His various arguments concerning this issue are all controlled by this Court's decision in Adams v. Keller, 736 F.2d 320, 324 (6th Cir.1984) (en banc). There the Court rejected the argument that the Commission was foreclosed from considering the aggravating circumstances of the offense. In the present case, the Commission was entitled to rely on the facts of the case when deciding that the petitioner should not be granted parole.
 
 
 4
 The petitioner also argues that there was insufficient evidence showing that he personally committed the aggravating acts upon which the Commission relied. This Court has held that factual findings are components of the ultimate decision of the Commission and are unreviewable. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). Even if they were reviewable, the district court indicated that the evidence at trial showed the petitioner's involvement in the aggravating circumstances. So this issue is also without merit.
 
 
 5
 Finally, the petitioner argues that the Commission failed to consider factors such as institutional progress that were favorable to his parole. Institutional progress is only one factor in the Commission's decision, and such factors are judged based on an abuse of discretion standard. Nunez-Guardado v. Hadden, 722 F.2d 618, 624 (10th Cir.1983). The Commission's decision indicates that it did consider factors favorable to the petitioner. The Commission did not abuse its discretion when it refused to grant the petitioner parole.
 
 
 6
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.