815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hubert Hayes McDONALD, Plaintiff-Appellant,
v.
Katie MALONE, Trudy North, and Ron Simmins, Defendants-Appellees.
 No. 86-6146.
 United States Court of Appeals,
Sixth Circuit.
 March 17, 1987.
 
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motion for appointment of counsel on appeal from the district court order which granted appellee's motion for summary judgment in this civil rights action. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant is incarcerated at Kentucky State Reformatory pursuant to a sentence of 25 years imposed on a 1976 conviction of rape and sodomy. On March 1, 1985, appellant was released on parole with a special condition of parole that appellant attend a treatment program for sex offenders. On May 15, 1985, the Kentucky Bureau of Prisons began proceedings to revoke appellant's parole for failure to abide by the condition that he attend a treatment program. On July 11, 1985, appellant's parole was revoked.
 
 
 3
 Appellant filed a complaint on August 13, 1985, in which he sought injunctive relief and damages for the alleged violations of his constitutional rights. He asserted that appellees conspired to revoke his parole and that such revocation was punishment for his refusal to discuss his case in group therapy. The district court determined that appellant did not state a cognizable claim under 42 U.S.C. 1983 and granted appellee's motion for summary judgment.
 
 
 4
 The district court properly entered summary judgment in favor of appellee. A summary judgment motion is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The report of the Parole Board, entered after the revocation hearing, indicates that appellant refused to participate in both counseling programs to which he was referred. Appellant's rebuttal of that fact is limited to his unsupported allegations to the contrary.
 
 
 5
 Assuming arguendo the veracity of appellant's factual allegations that the parole officers wanted him to disclose information about the events that resulted in his conviction, his claims under 1983 would fail on legal grounds in light of Minnesota v. Murphy, 465 U.S. 420 (1984). There, the Supreme Court determined that a state may validly insist on answers to even incriminating questions as long as it recognizes that incriminating answers may not be used in a criminal proceeding; thus the threat of incrimination is eliminated. Id. at 435-36, N.7. Further, the Court noted that "nothing in the Federal Constitution would prevent a State from revoking probation for a refusal to answer that violated an express condition of probation or from using the probationer's silence as 'one of a number of factors to be considered by the finder of fact' in deciding whether other conditions of probation have been violated." Id. quoting Lefkowitz v. Cunningham, 431 U.S. 801, 808, N.5 (1977). In the present case, the Parole Board assumed that appellant had a right to refuse to talk about his conviction and found that appellant's silence on all issues resulted in his discharge from the therapy groups. As a matter of fact, the Parole Board determined that appellant's invocation of his Fifth Amendment privilege of self-incrimination was not the basis for revoking his parole; his refusal to participate in therapy was the reason for the revocation. The requirement to participate in counseling is a valid condition of parole. See Steinberg v. Police Court of Albany, New York, 610 F.2d 449 (6th Cir. 1979).
 
 
 6
 Insofar as appellant is attacking the factual findings of the Parole Board, it is concluded that this Court will not entertain a challenge to such findings. Cf. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir. 1984).
 
 
 7
 For the foregoing reasons, the judgment of the district court is affirmed and the motion for appointment of counsel is denied. Rule 9(b)(5), Rules of the Sixth Circuit.