863 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anne C. VOSS, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, E.L. Dubois, Warden, of the
Federal Correctional Institution, Lexington,
Kentucky, Respondents-Appellees.
 Nos. 88-5531, 88-5540.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1988.
 
 Before ENGEL, Chief Judge, WELLFORD and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order dismissing her petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner Anne C. Voss was convicted by a jury on attempted arson, fraud, and perjury charges in violation of 18 U.S.C. Secs. 844(i), 1341 and 1623. She was sentenced to serve concurrent four-year terms of imprisonment, followed by three years of probation, and was fined $5,000. The conviction for attempted arson was reversed after a reviewing court concluded that the jurisdictional element of the offense was not satisfied by reason of defective jury instructions. United States v. Voss, 787 F.2d 393, 396-97 (8th Cir.), cert. denied, 107 S.Ct. 286 (1986).
 
 
 3
 In her petition for a writ of habeas corpus, Voss complained that the Parole Board refused to exclude the allegations of attempted arson from its consideration of her parole eligibility. She requested a hearing in order for the district court to review the evidence of intent to commit arson.
 
 
 4
 The case was referred to a magistrate who found that the Commission acted within its statutory and regulatory authority in considering the arson allegations; he recommended that her petition be denied. Upon review in light of petitioner's objections, the district court adopted the magistrate's report and recommendation as its own. The petition was denied.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the petition for writ of habeas corpus or by refusing to conduct an evidentiary hearing on the arson allegations. Review of a decision by the Parole Commission is limited to a determination that a rational basis exists in the record for the Commission's conclusions. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987) (per curiam). Moreover, neither findings of fact nor credibility determinations by the Commission are subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 6
 Review of the record discloses that the mail fraud conviction was based on a scheme to collect insurance on a building intentionally destroyed by fire. Because the Commission may consider the entire offense behavior, see Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir.1986), consideration of the arson allegations was not improper.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.