895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricardo MARTINEZ, Petitioner-Appellant,
v.
O.I. WHITE, Warden; U.S. Parole Commission, Respondents-Appellees.
 No. 89-5361.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1990.
 
 Before MERRITT, Chief Judge, and KEITH and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner Martinez is a prisoner at the Federal Correctional Institution, Memphis, Tennessee. Martinez filed an action, through counsel, in which he sought to vacate a 1987 conviction and to contest a presumptive parole release date. The district court dismissed the 28 U.S.C. Sec. 2255 motion to vacate claims without prejudice; the court dismissed the 28 U.S.C. Sec. 2241 habeas corpus claims on the merits. This appeal followed. The parties have briefed the issues.
 
 
 3
 Upon consideration, we find the district court's decision to be supported by the record and law. The section 2255 motion to vacate should have been directed to the sentencing court, the Southern District of Florida, instead of the Western District of Tennessee. The section 2241 habeas corpus claim is an attack on the Parole Commission's factual finding of the quantity of marijuana involved in petitioner's offense. This finding is unreviewable in federal court. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). Martinez additionally contends that 18 U.S.C. Sec. 4205 (repealed) cannot be used to calculate his presumptive release date. Section 4205(a), which mandates service of one-third of a sentence before an individual is eligible for parole, was expressly made applicable for five years to individuals who committed offenses prior to November 1, 1987. Sentencing Reform Act of 1984, Pub.L. 98-473, Sec. 235(b)(3), 98 Stat. 2032 (1984). Petitioner's offense occurred on October 3, 1986. The habeas corpus claims are meritless.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.