930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert TWIST, Sr., Petitioner-Appellant,
v.
O.I. WHITE, Warden, United States Parole Commission,
Respondents-Appellees.
 No. 90-6554.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1991.
 
 Before MERRITT, Chief Judge, and KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Robert Twist, Sr., a pro se federal prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Twist was sentenced in April 1986 to 3 years imprisonment after pleading guilty to escape. He was serving a 15-year sentence for drug and tax evasion convictions at the time. At his sentencing proceeding, Twist contested information in the presentence investigation report that he had been in possession of a gun during the period of his escape. The judge, therefore, did not consider that information in setting Twist's sentence.
 
 
 3
 An initial parole hearing was conducted on October 13, 1987 during which Twist's attorney presented two documents purporting to show that the gun found at the time of his arrest for escape was not Twist's property. The hearing panel of the United States Parole Commission (the Commission) did, however, consider the report of firearm possession in setting Twist's presumptive parole date, according to its Notice of Action dated November 1, 1987. Twist appealed this decision but, on February 9, 1988, the National Appeals Board concluded that no advance of release date was warranted.
 
 
 4
 Subsequently, the Commission denied Twist's request to reopen his case in light of an order issued by his sentencing judge indicating that the judge had made no finding concerning the alleged firearm possession and that it was not considered in sentencing.
 
 
 5
 Twist then filed this petition in federal district court, alleging that the Commission acted in an arbitrary and capricious manner by ignoring the "preponderance of the evidence" in his favor and that this action denied him due process of law. In a report filed January 8, 1990, the magistrate concluded that the Commission properly followed its regulations and that substantive decisions of the parole board are not reviewable by the courts. The district court overruled Twist's objections to the magistrate's report and dismissed the petition in an order filed October 23, 1990. The judgment was entered October 31, 1990.
 
 
 6
 On appeal, Twist continues to argue that the Commission violated its own rules and procedures and denied him due process by considering uncorroborated information and by "double-counting" his penalty for the escape and gun possession. In his brief, he requests the appointment of counsel in the event his case is set for oral argument.
 
 
 7
 Upon consideration, we affirm the district court's judgment because the Commission did not abuse its discretion by considering the report of firearm possession in setting Twist's parole date and because a rational basis existed for the Commission's conclusions. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Neither the Commission's findings of fact nor its credibility determinations are subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). The Commission may consider contested presentence information that the judge did not consider in sentencing, even if that information is unsubstantiated, if it finds the information sufficiently accurate for its own purposes. Hackett, 851 F.2d at 131.
 
 
 8
 Twist's claim that the Commission violated its own regulations is likewise meritless. The record clearly shows that Twist was afforded all the process he was due by law. See 28 C.F.R. Sec. 2.19(c).
 
 
 9
 Finally, Twist's "double-counting" issue was not presented to the district court. This court will not address the issue, raised for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 10
 Accordingly, the request for counsel is denied and the district court's judgment dismissing Twist's petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.