948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alphonse PERSICO, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 91-1643.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and ALLEN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Appealing the denial of a writ of habeas corpus, petitioner, Alphonse Persico, renews his claims that the U.S. Parole Commission exceeded its authority and acted capriciously in refusing to grant him parole. Finding these claims without merit, we shall affirm the denial of the writ.
 
 I.
 
 2
 Alphonse Persico, sentenced in 1986 to 12 years' imprisonment for RICO violations, was unsuccessful in his 1989 bid for parole. Ordering that Persico's sentence continue to expiration, the Parole Commission found that Persico's offense behavior merited a category seven severity rating, due to his role in a conspiracy involving bribery, labor racketeering, extortion, and other activity. While service of 52 to 80 months was indicated by Commission guidelines, the Commission ordered Persico to serve his full sentence (less good time) because his status as a "top ranking member of an organized criminal enterprise" constituted an aggravating factor.
 
 
 3
 According to Persico, the Commission violated due process by relying on inaccurate documents, ignoring the sentencing judge's views, and double-counting his offense behavior in deciding to deny parole.
 
 
 4
 The parole denial was affirmed on appeal to the full Commission. Persico's ensuing habeas petition was then dismissed by the district court, and he appeals.
 
 
 5
 Our review of Parole Commission decisions is extremely limited. This court has held that "the Parole Commission's substantive decision to grant or deny parole is an action 'committed to agency discretion' under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)." Farkas v. United States, 744 F.2d 37, 39 (6th Cir.1984). " '[T]he inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.' " Hackett v. United States Parole Comm'n, 851 F.2d 127, 130 (6th Cir.1987) (quoting Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir.1982)).
 
 II.
 
 6
 Persico objects to the use of three documents considered in the parole decision: (1) a Form 792, "Report on Convicted Prisoner by U.S. Attorney," submitted to the Bureau of Prisons; (2) a progress report prepared by Persico's case manager; and (3) a letter from the U.S. Attorney's office to the Parole Commission.
 
 
 7
 Form USA-792. Persico's main objection to the U.S. Attorney's report is its characterization of his rank in the Colombo family. He maintains that the prosecutor inflated Persico's status in the organization, and that the Commission should have relied instead on the sentencing judge's view of Persico's rank. In an earlier Fed.R.Crim.P. 35 motion before that judge, Persico had sought to have the report withdrawn or corrected. Although the judge ruled that the report, as a post-sentence submission by the prosecution, was not a proper subject for such a motion, he did express his belief that Persico's rank was not as high as the government had contended at trial.
 
 
 8
 Persico claims that the Parole Commission must accept the sentencing judge's view. We agree with the district court that the Commission is not bound by the sentencing judge's conclusions as to the character and extent of a defendant's crimes, see Hackett, 851 F.2d 131, nor by the judge's expectations regarding parole. United States v. Addonizio, 442 U.S. 178, 190 (1979). The Commission, which had a copy of the sentencing judge's statement, is not required to explain why it chose to credit the prosecutor's estimation of Persico's family rank. The Commission's statement of reasons for denying parole need not be embellished by detailed findings of fact. United States ex rel. Scott v. Illinois Parole and Pardon Bd., 669 F.2d 1185, 1190 (7th Cir.), cert. denied, 459 U.S. 1048 (1982).
 
 
 9
 Progress Report. For reasons which remain unclear, Persico's case manager in prison prepared a progress report which, among other things, falsely characterized Persico as an uncooperative inmate. Although the report was later altered to delete this inaccuracy, the examiner panel at Persico's hearing consulted the original, false version. When the prison warden discovered the mistake, he sent the Parole Commission a copy of the amended version and asked the regional commissioner to reopen Persico's case if the false report had contributed to the denial of parole. The commissioner informed the warden that the denial was based on other criteria.
 
 
 10
 We agree with the district court's finding that the inclusion of the progress report containing some false information did not violate due process. In addition to the regional commissioner's assurance that the case manager's inaccurate statements were not responsible for the parole denial, the report--even in its original version--also contained some favorable commentary. That the hearing examiners took note of this other text is evidenced by their hearing summary, which stated that Persico was "performing satisfactorily" and his imprisonment had been "without incident."
 
 
 11
 U.S. Attorney's Letter. Persico also objects to the process by which the U.S. Attorney's office came to submit a letter to the Parole Commission opposing parole for petitioner. Persico's case manager, the same individual who prepared the progress report, had refused to place in Persico's prison file a memorandum written by Persico's attorney supporting his quest for parole. Persico claims that the case manager's refusal to accept the document was an intentional effort to sabotage Persico's parole chances. The government responds that the case manager's refusal was based on his understanding that the Commission already had a copy of the memorandum.
 
 
 12
 In another move challenged by Persico as unfair, the case manager sent a copy of the memorandum to the office of the U.S. Attorney who had prosecuted Persico. The manager also informed the Parole Commission that he had refused to accept the memorandum for the prison file and had sent a copy of it to the U.S. Attorney. According to the government, the Commission had agreed earlier to allow the U.S. Attorney's office to review parole-related documents prepared by Persico or his attorneys. In response to the memorandum, the U.S. Attorney's office sent a strongly-worded letter to the Commission responding to the memorandum and opposing parole. Persico's attorney received a copy of this letter before the parole hearing was held.
 
 
 13
 Again, we agree with the district court's conclusions and find that there was no impropriety in the handling of the memorandum or the Commission's consideration of the U.S. Attorney's letter. Given that the case manager apprised the Commission of his actions, Persico's claim, that the manager's "malfeasance and bad faith" violated due process, must fail. The Commission properly reviewed the U.S. Attorney's letter, which contained relevant information about Persico's crimes and characteristics. 18 U.S.C. § 4207; 28 C.F.R. § 2.19(b)(1).
 
 III.
 
 14
 Persico's final claim is that the Parole Commission lacked a rational basis for giving him a category seven offense severity rating and for exceeding the guideline range of 52-80 months. He contends that the Commission "double counted," using the same offenses as an aggravating factor which were used initially to place him in a category seven rating.
 
 
 15
 As the district court noted, the category seven rating was based upon the gravity of Persico's RICO convictions and the culpability of co-conspirators for each others' acts, which here included such multiple offenses as bribery, loansharking, and extortion.
 
 
 16
 The thrust of Persico's double-counting claim appears to be that the Commission relied on Persico's top-level status in the Colombo organization in deciding to exceed the guidelines, and that the Commission must also have relied upon that status in order to find Persico responsible for others' acts--the factor supporting his category seven rating. Accepted principles of conspiracy law, and the government's detailed explanation of the Commission's calculations, prevail over Persico's charges.
 
 
 17
 Finding petitioner's other claims without merit, we AFFIRM.
 
 
 
 *
 The Honorable Charles M. Allen, United States District Court for the Western District of Kentucky, sitting by designation