**UNITED STATES of America, Appellee,**

v.

**Rodney Alan GLEASON, Appellant.**

**No. 85–1366.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1985.

Decided Sept. 23, 1985.

Duane Nelson, Lincoln, Neb., for appellant.

Paul D. Boeshart, Lincoln, Neb., for appellee.

Before HEANEY, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Rodney Alan Gleason appeals from the sentence imposed by the district court in conjunction with his conviction for possession of lysergic acid diethylamide (LSD) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). For reversal, he argues that the district court improperly relied on the Parole Commission's sentencing guidelines, and that the special parole provisions of 21 U.S.C. § 841(b)(1)(B) are unconstitutionally vague. We affirm.

Gleason pleaded guilty to the charges before the United States District Court for

the District of Nebraska on February 7, 1985. His guilty plea was set aside because the court, counsel for the government, and Gleason had not properly taken into account the effect of the 1984 Comprehensive Crime Control Bill upon Gleason's charge. After the applicable penalty provisions of 21 U.S.C. § 841(b)(1)(B) had been explained to Gleason, he entered a second guilty plea on February 20, 1985. The district court sentenced Gleason to nine years in prison with parole eligibility in three years, and to a special parole term under 21 U.S.C. § 841(b)(1)(B) of three years.

The district court did not abuse its discretion by relying on the sentencing guidelines set forth by the Parole Commission at 28 C.F.R. § 2.20. Title 18 U.S.C. § 4203(a)(1) authorized the Commission to promulgate guidelines for the parole of federal prisoners. These guidelines have been sustained. *See Farkas v. United States*, 744 F.2d 37, 39 (6th Cir.1984); *Priore v. Nelson*, 626 F.2d 211, 216 (2d Cir. 1980). When, as here, the sentence imposed falls well within the statutory limits, it should generally not be disturbed on appeal. *United States v. Roth*, 736 F.2d 1222, 1229 (8th Cir.1984). We find no abuse of discretion here. This was the appellant's fourth felony conviction, and he failed to take advantage of prior periods of probation.

This Court has previously held that the special parole statute, 21 U.S.C. § 841(b)(1)(B), is constitutional in factual situations in which the special parole term was less definite than the three-year special term imposed in this case. *See United States v. Rich*, 518 F.2d 980, 987 (8th Cir. 1975). We have no difficulty in sustaining its constitutionality in the instant factual situation.

Accordingly, we affirm the judgment of the district court.