865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marshall STILLMAN, Petitioner-Appellant,
v.
John GLUCH, Warden of Milan Prison; Norman Carlson;
Federal Bureau of Prisons, Respondents-Appellees.
 No. 88-1202.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1988.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Petitioner, a federal prisoner, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stillman was convicted by a jury in the United States District Court for the Western District of Pennsylvania of conspiracy to distribute heroin and conspiracy to import heroin. He was sentenced to twelve years imprisonment. At his initial parole hearing, petitioner received an offense severity score of seven, with the applicable guidelines suggesting parole after service of between 78 to 100 months, with a recommendation of service of 80 months. This decision was based upon a number of factors including petitioner's alleged threats to government witnesses. The Regional Commissioner adopted the panel's recommendation with the exception of its finding that the threats appeared unsubstantiated. Thereafter, the National Appeals Board reduced petitioner's severity score to six thereby lowering his guideline to 64 to 78 months with a recommendation of service of 78 months. The Board's decision was based primarily upon the recalculation of the amount of heroin involved, but handwritten notes indicate that petitioner was placed in the upper limits of the guidelines because of the alleged threats to the witnesses.
 
 
 3
 Stillman raised two claims in his habeas petition regarding his parole determination, claiming he was denied due process because: 1) the Board considered adverse information (the witness threats) that had been resolved favorably to him at the regional level; and 2) because there was not a rational connection between the facts and the Board's parole decision. The district court denied the petition finding that neither claim warranted habeas relief.
 
 
 4
 Upon review, we affirm. The Appeals Board acted well within its statutory authority. The Board was not bound by the factual determinations of the Regional Commissioner. See 28 C.F.R. Sec. 2.26. It could consider any relevant information in reaching its parole decision. See 28 C.F.R. Sec. 2.19. This is so regardless of whether the information relied upon was unsubstantiated. See Hackett v. United States Parole Commission, 851 F.2d 127, 131 (6th Cir.1987) (per curiam). We conclude that there is a rational basis for the Board's decision to place petitioner in the upper limits of the guidelines. And to the extent that petitioner challenges the Board's determination regarding the threats to the witnesses, that attack is foreclosed by our decision in Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.