872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lance CALAMELA, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 88-1978.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1989.
 
 1
 Before KEITH and KENNEDY, Circuit Judges and RICHARD B. McQUADE, Jr., District Judge.*
 
 ORDER
 
 2
 Lance Calamela, a pro se federal prisoner, requests the appointment of counsel and appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1986, Calamela pleaded guilty to possession and sale of a stolen motor vehicle, and interstate transportation of a stolen motor vehicle. He was sentenced to ten years imprisonment, a five year probationary term, and he was required to pay a $150.00 special assessment. In November of 1987, Calamela received his initial parole hearing where he received an offense severity rating of category four which indicated a guideline range of between 34 and 44 months. The panel determined however that placement above the guideline range (56 months) was appropriate because Calamela was a poor parole risk as he had six prior convictions for fraud related offenses. The panel's decision was also based upon its conclusion that Calamela's fraud amounted to at least $20,000 but less than $100,000. The National Appeals Board affirmed the panel's decision finding that petitioner's offense severity rating should remain at category four because his fraud amounted to at least $40,000 but less than $200,000 (the parole guidelines at 28 C.F.R. Sec. 2.20 were revised during the interim between petitioner's initial parole hearing and his appeal to the National Appeals Board). The National Board based its decision upon the determination that Calamela's fraud amounted to $38,275.00 "plus the fraudulent loan application for the Porche (sic) automobile;" the Board did not however place a monetary value upon the fraudulent loan application.
 
 
 4
 In this habeas petition, Calamela argued that: 1) his double jeopardy rights were violated when the Parole Commission (Commission) "double counted" his prior convictions, ie., the prior convictions were used both to determine his salient factor score, and as an aggravating circumstance to place him above his guideline range; 2) the revised guidelines should have been applied to his case to lower his offense severity rating to category three; and 3) the Commission failed to take into account special mitigating circumstances and his good institutional record. The district court denied the petition finding that the double jeopardy clause did not apply to parole proceedings, and that the Commission did not double count his prior convictions. The court also found that the Commission's decision to place Calamela at category four was a factual finding insulated from judicial review.
 
 
 5
 Upon review, we affirm the district court's judgment as petitioner's claims do not warrant habeas relief. The double jeopardy clause of the fifth amendment applies only to judicial proceedings, and not to parole proceedings. See Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir.1983). Moreover, the Commission did not double count Calamela's prior convictions. The Commission considered only the number of prior convictions when it determined petitioner's salient factor score, but it considered the nature of the prior offenses when it determined that Calamela should be placed above his guideline range for good cause as a result of aggravating circumstances. See 28 U.S.C. Sec. 2.20(c) & (d); Solomon v. Elsea, 676 F.2d 282, 287 (7th Cir.1982) (per curiam). In this case, the Commission's determination that six prior fraud related offenses constitutes an aggravating circumstance is a factual finding not subject to judicial review. See Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 6
 In addition, the revised guidelines found at 28 C.F.R. Sec. 2.20 are inapplicable to Calamela because his initial parole hearing was held on November 12, 1987, before the revised guidelines became effective on December 21, 1987; see 52 Fed.Reg. 44, 386-44, 387 (Nov. 19, 1987); and his appeal to the National Board is not considered an interim hearing under 28 U.S.C. Sec. 2.14.
 
 
 7
 Lastly, Calamela's claim that the Commission failed to consider special mitigating circumstances and his good institutional record does not warrant habeas relief as there is a rational basis in the record to support the Commission's decision to place him above his guideline range. See Solomon, 676 F.2d at 290.
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation