885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dewey MOORE, Sr., Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 89-1201.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1989.
 
 1
 Before DAVID A. NELSON and RYAN, Circuit Judges, and RONALD E. MEREDITH, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In 1987, Dewey Moore, Sr., pleaded guilty to charges of conspiracy to distribute and distribution of a controlled substance within 1000 feet of a school, unlawful use of a communication facility, and possession with intent to distribute. He was sentenced to serve a fifteen year term of imprisonment.
 
 
 4
 In March 1988, Moore appeared before the Parole Commission. The Commission advised Moore that his parole would be set at 90 months, rather than 52-64 months recommended by the sentencing guidelines, due to aggravating factors. According to the Commission, Moore had been involved in selling drugs to school children, and the total amount of drugs distributed exceeded 200,000 doses. Moore denied both allegations.
 
 
 5
 Moore claimed that the Commission exceeded its authority by setting his parole outside the guidelines because the allegations were unproven and did not form the basis of the sentence.
 
 
 6
 Upon review, we conclude that the district court properly denied the petition. Factual findings of the Parole Commission cannot be disturbed. See Farkas v. United States, 744 F.2d 37, 39 (6th Cir.1984). The Parole Commission may consider any relevant evidence or information. See 18 U.S.C. Sec. 4207. Moreover, the Commission's decision may be based on unproven allegations, dismissed counts, hearsay evidence, or allegations which were not considered by the sentencing court; the reviewing court cannot substitute its judgment for that of the Parole Commission. Hackett v. United States Parole Comm'n, 851 F.2d 127, 131 (6th Cir.1987).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation