925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward R. HIGGINS, Petitioner-Appellant,
v.
John GLUCH, Respondent-Appellee.
 No. 90-1788.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Edward R. Higgins, a pro se federal prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2241.
 
 
 3
 Higgins is currently confined at the Federal Correctional Institution in Milan, Michigan, serving a ten year sentence imposed by the United States District Court for the Northern District of Iowa following his guilty plea to bank robbery. Higgins filed his habeas petition in the district court challenging the computation of his parole. Specifically, Higgins alleged that the severity rating assigned to his conviction was too high because the United States Parole Commission improperly attributed the assaultive acts of his accomplice during the bank robbery to Higgins. Higgins further alleged that his salient factor score was too low and that this factor, coupled with the severity rating, must be recalculated in such a manner as to provide for an earlier parole date.
 
 
 4
 A magistrate concluded that the Parole Commission acted properly and that its actions were discretionary acts not subject to judicial review, and, therefore, recommended dismissal of Higgins's petition. Alternatively, the magistrate recommended dismissal on the merits since Higgins reasonably could have been expected to foresee that his armed accomplice might resort to violence during the robbery. Despite Higgins's timely objections, the district court adopted the magistrate's report and recommendation and dismissed the petition accordingly.
 
 
 5
 On appeal, Higgins no longer appears to be challenging the factual finding holding him accountable for the assaultive actions of his accomplice; therefore, this issue is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we conclude that the district court properly found that the Commission's findings were not subject to judicial review, since they were discretionary factual conclusions, and were supported by the record. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987); Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). It follows that Higgins's argument that he was entitled to summary judgment is without merit.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.