980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clifford F. McCLARDY, Petitioner-Appellant,
v.
Joseph BOGAN, Respondent-Appellee,
United States of America, Respondent-Appellee.
 Nos. 92-1495, 91-1674.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1992.
 
 1
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 Clifford F. McClardy, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 (Case No. 92-1495) and a district court judgment dismissing his petition for a writ of error coram nobis (Case No. 92-1674). Based on motions filed by McClardy, these cases have been consolidated on appeal and the record supplemented. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner was convicted on charges of conspiracy to deliver heroin, possession with intent to distribute heroin, and possession of a firearm by a convicted felon. He was sentenced to a three-year term of imprisonment and a four-year special parole term.
 
 
 4
 McClardy began serving his special parole term on April 30, 1987. After committing two separate crimes while out on special parole, a parole violator warrant was issued and McClardy was arrested for parole violation on October 15, 1990. After a preliminary interview and a parole revocation hearing where he was represented by counsel, McClardy's parole was revoked on February 14, 1991. McClardy has exhausted his administrative remedies.
 
 
 5
 McClardy then filed a habeas petition alleging a violation of his due process and equal protection rights because the Parole Commission: (1) improperly used hearsay evidence to revoke his special parole; (2) failed to provide adequate notice of the forfeiture of prior parole time served; (3) improperly relied on his 1990 arrest to revoke his parole; (4) improperly relied upon insufficient evidence to revoke his parole; and (5) failed to provide him with the opportunity to confront adverse witnesses at his parole revocation hearing. In his petition seeking a writ of error coram nobis, he essentially challenged his conviction based on the same reasons set forth in his § 2241 habeas petition.
 
 
 6
 A magistrate judge recommended denying McClardy's habeas petition. After de novo review in light of McClardy's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the habeas petition. The district court later denied his petition for a writ of error coram nobis.
 
 
 7
 On appeal, McClardy's "Petition For Release From Decision Failing to Release" is construed as his pro se brief. He continues to argue the merits of his case. He has filed a motion to proceed as a pauper and other miscellaneous motions.
 
 
 8
 A review of the U.S. Parole Commission's decision is limited to a determination of whether a rational basis exists for the Commission's conclusions. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Neither the Commission's findings of fact nor its credibility determinations are subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 9
 Upon review, we conclude that the district court properly dismissed McClardy's habeas petition for the reasons set forth in the magistrate judge's report filed on March 3, 1992, and as adopted by the district court in its order filed on March 31, 1992. The district court also properly dismissed his petition for a writ of error coram nobis for the reasons set forth in its order filed May 15, 1992.
 
 
 10
 Accordingly, we grant his request to proceed as a pauper, deny all other forms of relief and affirm the district court's judgments. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation