989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary E. DAVIS, Petitioner-Appellant,
v.
Joseph B. BOGAN, III, Respondent-Appellee.
 No. 92-2252.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1993.
 
 Before MILBURN and RYAN, Circuit Judges, and COFFIN, Senior Circuit Judge.*
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment dismissing his petition for his writ of habeas corpus filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was originally convicted for kidnapping, interstate transportation of a stolen automobile and property, and theft from an interstate shipment, for which he was sentenced to 20 years incarceration. He was paroled on April 16, 1980, but his parole was eventually revoked due to new criminal conduct. After serving his sentence, he was again released on parole on January 27, 1984.
 
 
 3
 On February 10, 1987, while on parole, petitioner was arrested for breaking and entering and assault. These charges stemmed from Davis's forcible entry into the victim's home at which time he slashed the victim repeatedly in the head and chest with a broken bottle. Davis ultimately pleaded guilty to assault with intent to commit great bodily harm less than murder, and the breaking and entering charge appears to have been dismissed as part of a plea bargain. After Davis served his state sentence on the assault charge, his federal parole was revoked and he received a presumptive parole date of April 10, 1996.
 
 
 4
 After exhausting his administrative remedies, Davis filed his current habeas corpus action challenging the United States Parole Commission's rating of the offense underlying his parole revocation, which in turn affected his presumptive parole date. Specifically, he alleged that the Commission erred in rating his offense behavior as category seven severity. He also alleged that the Commission violated his due process rights by basing its decision on evidence that was not disclosed to him. The district court found that Davis's claims lacked merit and dismissed the case.
 
 
 5
 On appeal, petitioner continues to argue the merits of his case. Both parties have filed briefs.
 
 
 6
 A review of the Commission's decision is limited to a determination of whether a rational basis exists for the Commission's conclusions. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Neither the Commission's findings of fact nor its credibility determinations are subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 7
 Upon review, we conclude that the district court properly dismissed Davis's habeas petition for the reasons set forth in the district court's opinion and order filed on September 18, 1992.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior Circuit Judge, United States Court of Appeals for the First Circuit, sitting by designation