4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvio SINISTERRA, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-5311.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1993.
 
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Sylvio Sinisterra, a pro se federal prisoner, appeals a district court order denying his motion for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1986, a federal jury in New York convicted Sinisterra of conspiracy to possess cocaine with the intent to distribute and use of a communication facility for the purpose of the conspiracy. He received a ten year sentence. In December 1986, a second jury found Sinisterra guilty of conspiracy to possess cocaine with the intent to distribute. He also received a ten year sentence for this conviction. The two sentences were to be served consecutively.
 
 
 3
 At a parole hearing, the parole panel was split as to what category to classify Sinisterra's offense behavior. The Regional Commissioner found that the higher level was appropriate and directed that Sinisterra serve his entire sentence. The National Appeals Board affirmed the Commissioner's decision.
 
 
 4
 Sinisterra then filed a petition for a writ of habeas corpus under Sec. 2241 essentially contending that the Parole Commission abused its discretion in reaching its decision. Upon de novo review of the magistrate judge's report, the district court found that the Commission had a rational basis for its decision and dismissed the petition.
 
 
 5
 In his timely appeal, Sinisterra contends that the Commission's decision was based on inaccurate information. He requests oral argument.
 
 
 6
 The findings of fact by the United States Parole Commission in granting or denying parole are not subject to review. See Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). Rather, this court's review is limited to whether a rational basis exists for the Commission's conclusions. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam).
 
 
 7
 Upon review, we conclude that the Commission's decision has a rational basis. The evidence in the record supports the Commission's conclusion that Sinisterra was involved with more 18.75 kilograms of cocaine. Therefore, the Commission's decision to classify Sinisterra's offense behavior at level eight has a rational basis.
 
 
 8
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.