7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven SEWARD, Petitioner-Appellant,
v.
George Ellen HURST and United States Parole Commission,
Respondents-Appellees.
 No. 93-5198.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 1
 Before MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Steven Seward, a pro se federal prisoner, appeals from a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seward is serving an aggregate term of imprisonment of nineteen years based upon two marijuana-related convictions in the United States District Court for the District of Connecticut and one cocaine-related conviction in the United States District Court for the District of Puerto Rico. The Parole Commission (Commission) has determined that Seward will not be eligible for parole until service of ten years of imprisonment.
 
 
 4
 Seward challenges the Commission's determination by arguing that the Commission erroneously rated his offense severity level as a category 8 rather than a category 6. As a basis for this argument, Seward claims that his role in the cocaine offense was peripheral. According to Seward, because the Commission did not follow proper procedure, it improperly arrived at the determination that his role was non-peripheral. Specifically, Seward complains that the Commission improperly interpreted a document which he refers to as "the Connecticut prosecutor's form-792." Seward also criticizes the Commission for taking into account the fact that he was apprehended on a sea vessel that was carrying approximately 8,000 pounds of marijuana. According to Seward, that fact was irrelevant to the category 8 determination. Seward further disagrees with the Commission's characterization of him as a "transporter." Seward also argues that his ability to sail a boat was not a "relevant" special skill for purposes of determining whether his role in the cocaine conspiracy was peripheral. Moreover, Seward argues that the Commission failed to follow the "multiple offense" rule. Finally, Seward argues that the Commission violated 18 U.S.C. § 4206(b).
 
 
 5
 "The federal court's scope of review over a decision by the Parole Commission is extremely limited." Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987) (per curiam). The factual findings of the Commission and the substantive decision to grant or deny parole are not subject to judicial review. See Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). Review is appropriate, however, in considering whether the Commission acted within its statutory and regulatory authority. See Hackett, 851 F.2d at 130; Farkas, 744 F.2d at 39. Accordingly, the determination that Seward did not play a non-peripheral role is not subject to judicial review, but the court can review allegations that the Commission acted outside its statutory and regulatory authority in arriving at that determination.
 
 
 6
 Seward's argument that the Commission failed to follow the "multiple offense" rule as set forth in 28 C.F.R. § 2.20, Chapter 13, Subchapter A, No. 2, is not well-taken. Pursuant to Chapter 13, Subchapter A, No. 1, where an offense behavior can be classified under more than one category, the most serious applicable category is to be used. Because Seward's cocaine offense behavior resulted in the more serious applicable category, that category was appropriately used.
 
 
 7
 Seward also argues that the Commission relied upon erroneous information when determining his offense severity level. His argument is not well-taken. When making a parole determination, the Commission shall take into consideration all relevant information concerning the prisoner as may be reasonably available. See 18 U.S.C. § 4207; Hackett, 851 F.2d at 130. Specific information which the Commission must take into account, if available and relevant, includes the pre-sentence investigation reports. 18 U.S.C. § 4207. In arriving at a prisoner's offense severity level, the Commission may take into account any substantial information provided that the prisoner is apprised of the information and afforded an opportunity to respond. 28 C.F.R. § 2.19(c) (1992). If the prisoner disputes the information, the Commission must resolve the dispute by the preponderance of the evidence standard. Id. We are satisfied that the Commission did not rely upon inappropriate information when determining Seward's severity offense level and that the proper procedure was followed.
 
 
 8
 Finally, Seward complains that the Commission violated 18 U.S.C. § 4206(b). We disagree. The record shows that Seward received full oral and written explanations of the Commission's decision after the initial and interim proceedings. Any lack of specificity in the Regional and National Appeals Board decisions is therefore irrelevant.
 
 
 9
 Accordingly, Seward is granted in forma pauperis status solely for the purpose of deciding this appeal, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation