21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph T. SAND, Petitioner-Appellant,
v.
Joseph B. BOGAN, Respondent-Appellee.
 No. 93-2280.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Sand, a federal prisoner currently confined at the Federal Correctional Institute in Milan, Michigan, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Sand was convicted of two separate federal crimes. First, he was convicted of conspiracy to distribute marijuana, for which he received a ten year term of imprisonment. Sand is eligible for parole on this sentence because the offense was committed prior to November 1, 1987 (the date when the Sentencing Guidelines went into effect). The second conviction was for tampering with a witness, for which Sand received a concurrent 51 month term of imprisonment. Sand is not eligible for parole on this sentence because it was committed after November 1, 1987.
 
 
 3
 Sand was given an initial parole hearing on January 30, 1992. At this hearing, the examiner panel considered, among other items, Sand's presentence report which showed that Sand's tampering with a witness conviction was based on an attempt to arrange for the murder of a government witness. One hearing examiner concluded that Sand's offense behavior merited a Category Eight severity because he committed an attempted contract murder. Another examiner recommended that Sand's offense behavior be rated as a Category Six severity. Both examiners agreed that Sand should be denied parole and that his confinement should continue to the expiration of his sentence, less good time credit. Upon review, the Regional Administrator agreed with the recommended Category Eight severity rating. The Regional Commissioner concurred, and, by a notice of action dated February 20, 1992, Sand was advised that his confinement was continued to the expiration of his sentence. The National Appeals Board affirmed the decision to deny parole.
 
 
 4
 Thereafter, Sand filed the instant petition in which he argued: (1) that the Parole Commission improperly considered his tampering with a witness conviction when deciding to deny parole on his conspiracy to distribute marijuana conviction; (2) that the Parole Commission's decision violates the Fifth Amendment prohibition against double jeopardy; and (3) that the factual record does not support the Parole Commission's decision.
 
 
 5
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied. The district court, upon noting that Sand did not raise any specific objections to the magistrate judge's report and recommendation but merely restated his petition, adopted the report and recommendation in an opinion and order dated September 21, 1993. On appeal, Sand reasserts claims one and two above.
 
 
 6
 Initially, we note that Sand does not raise claim three on appeal; therefore, it is considered abandoned on appeal and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Review of a decision by the Parole Commission is limited to a determination that a rational basis exists for the Commission's conclusions. Kimberlin v. White, 7 F.3d 527, 533 (6th Cir.1993); Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). The factual findings of the Parole Commission and the substantive decision to grant or deny parole are not subject to judicial review. See Kimberlin, 7 F.3d at 533; Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). Review is appropriate, however, in considering whether the Parole Commission acted within its statutory and regulatory authority. Hackett, 851 F.2d at 130; Farkas, 744 F.2d at 39.
 
 
 8
 Upon review, we affirm the district court's order. Pursuant to 18 U.S.C. Sec. 4206(a), the Parole Commission is required to consider the nature and circumstances of the offense and the history and characteristics of the prisoner. The circumstances of Sand's tampering with a witness offense certainly fall within these two broad categories. Furthermore, consideration of the tampering conviction is necessary for the Parole Commission to satisfy the statutory criteria for parole set forth in Sec. 4206(a), which requires that the Parole Commission determine whether the prisoner's release would jeopardize the public welfare, depreciate the seriousness of the offense, or promote disrespect for the law. Sand's tampering conviction, and the circumstances surrounding it, are extremely relevant in making these evaluations. The Parole Commission's consideration of Sand's tampering conviction when deciding to deny parole on Sand's conspiracy conviction was, therefore, proper.
 
 
 9
 Sand's argument that the Parole Commission's action violates the constitutional prohibition against double jeopardy is unavailing. The Double Jeopardy Clause of the Fifth Amendment applies only to judicial proceedings, not to parole proceedings. See Alessi v. Quinlan, 711 F.2d 497, 501 (2d Cir.1983).
 
 
 10
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.