41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Garth SMITH, Petitioner-Appellant,
v.
G.E. HURST, Respondent-Appellee.
 No. 94-5461.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Garth Smith appeals a district court judgment denying his petition for habeas corpus relief filed under 28 U.S.C. Sec. 2241. The parties have expressly waived oral argument on appeal and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smith was convicted of bank robbery in the United States District Court for the Southern District of Missouri in 1978 and was sentenced to 16 years of imprisonment followed by 5 years of probation. Smith was admitted to parole and his parole was revoked twice before Smith was readmitted to parole and the circumstances at issue in this case arose. In 1991, conditions of Smith's parole were modified to require petitioner to abstain from intoxicants and to participate in substance abuse programs based upon his probation officer's recommendation, and Smith was reprimanded on February 14, 1992 by the Parole Commission for use of cocaine and alcohol.
 
 
 4
 On April 10, 1992, a parole violator warrant was issued for Smith's arrest after his probation officer reported further violations relating to substance abuse. On May 22, 1992, Smith was arrested at his residence by United States Marshals, and Smith's son was arrested by local authorities on outstanding warrants as well. Shortly thereafter, Marshals received information from Smith's son that Smith possessed a handgun and a shotgun at the time of his arrest. Marshals returned to Smith's residence and conducted a search with the consent of Smith's wife and discovered a handgun and a shotgun shell. The handgun was found under a couch and the shotgun shell was found in a drawer containing documents bearing Smith's name. No shotgun was found.
 
 
 5
 Thereafter, a supplemental parole violation warrant was issued to include two charges of new criminal conduct of being a felon in possession of a firearm and unauthorized possession of a dangerous weapon. An evidentiary hearing was conducted at which Smith was represented by counsel. Smith admitted the initial parole violation charges but denied the charges of new criminal conduct. The hearing examiner recommended that Smith's parole be revoked based upon a finding of guilt on all charges. The Parole Commission accepted the recommendation, and the National Appeals Board affirmed the decision on administrative appeal.
 
 
 6
 Next, Smith filed his petition by counsel in the district court alleging that the decision to revoke his parole is supported by insufficient evidence. The government responded in opposition to the petition, and petitioner filed a traverse. The magistrate judge recommended that the petition be dismissed as without merit. Petitioner filed objections, and the government filed a response. The district court accepted the magistrate judge's recommendation and denied the petition.
 
 
 7
 Upon consideration, the judgment is affirmed for the reasons stated in the magistrate judge's report and recommendation filed October 4, 1993, and in the district court's order accepting the report and recommendation filed February 28, 1994. This court's limited judicial review of the Parole Commission's revocation decision reveals no abuse of discretion. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987) (per curiam); Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984); Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984). Because the United States Marshals' report was before the Board and because petitioner's son provided direct testimony that he was the informant, the Parole Board's decision does not rest solely on unreliable hearsay testimony.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation