43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley B. ROBINSON, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION; Daniel Dove, Warden Federal
Correctional Institution, Respondents-Appellees.
 No. 94-5719.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 1
 Before: NORRIS and SILER, Circuit Judges; and NEWBLATT, District Judge.*
 
 ORDER
 
 2
 Stanley Robinson, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Robinson was convicted by a jury of two counts of deprivation of rights under color of law by murder, one count of conspiracy against rights and one count of kidnapping. On October 2, 1973, Robinson received three sentences of life imprisonment and one sentence of one year imprisonment, all sentences to run concurrently. Robinson's conviction was affirmed on appeal. See United States v. Robinson, 503 F.2d 208 (7th Cir.1974), cert. denied, 420 U.S. 949 (1975). It appears that Robinson was a former Chicago police officer who extorted money from suspected drug dealers and ran a "hit squad" that performed contract killings resulting in the murder of two individuals. Robinson has exhausted his administrative remedies.
 
 
 4
 In his habeas petition, Robinson challenged the fact that the United States Parole Commission (Commission) denied him parole. Robinson essentially argued that in denying him parole, the Commission violated his rights under the Due Process Clause, Equal Protection Clause and Ex Post Facto Clause. Specifically, Robinson argued:
 
 
 5
 1) The designation of his case as one of "original jurisdiction" under 28 C.F.R. Sec. 2.17 is discriminatory because individuals whose cases are under the original jurisdiction designation serve much longer sentences before being paroled than do other prisoners not serving under that designation;
 
 
 6
 2) The Commission used impermissible factors such as race as a basis for designating his case as original jurisdiction;
 
 
 7
 3) The original jurisdiction designation violated Robinson's due process rights because there is no provision for a meaningful appeal from the initial decision of the National Commissioners;
 
 
 8
 4) The Commission used fraudulent or prejudicial information from the United States Attorney's Office in making its decision;
 
 
 9
 5) The Commission violated his due process rights because a Mr. Lasky, one individual who was a panel member in denying him parole, was operating under a conflict of interest;
 
 
 10
 6) The Commission violated his rights under the Ex Post Facto Clause when it retroactively applied an October 1, 1984, amendment to 28 C.F.R. Sec. 2.12(b) which extended the reconsideration hearing date of his parole from ten to fifteen years;
 
 
 11
 7) The decision by the National Commissioners on July 14, 1993, to continue his case for a fifteen year reconsideration hearing was invalid because only three signatures appeared on the decision instead of four as required by 28 C.F.R. Sec. 2.17(a); and
 
 
 12
 8) His due process rights were violated when he did not receive a copy of a July 25, 1991, decision of the National Commissioners denying his parole until December 15, 1992.
 
 
 13
 A magistrate judge recommended denying Robinson's petition and dismissing the case. Upon de novo review in light of Robinson's objections, the district court adopted the recommendation of the magistrate judge and denied habeas corpus relief.
 
 
 14
 On appeal, Robinson's pro se brief is construed as arguing those claims which he raised in the district court. In addition, he argues that the district court erred when it denied his request to make copies of his book (which relates to the circumstances leading up to his arrest and conviction) for distribution to the respondents. Robinson requests leave to proceed as a pauper, the appointment of counsel, a transcript at government expense and oral argument.
 
 
 15
 Upon review, we affirm the district court's judgment for the reasons set forth in the magistrate judge's report and recommendation, as adopted by the district court in its order filed May 18, 1994. A review of the Commission's decision is limited to a determination of whether a rational basis exists for the Commission's conclusions. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Neither the Commission's findings of fact nor its credibility determinations are subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). To the extent that any of Robinson's claims can be construed as challenging the factual determinations of the Commission, they are not subject to review by this court. Id. Robinson's primary attack upon the Commission's original jurisdiction lacks merit because the classification bears a rational relation to a permissible governmental objective. See City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 440 (1985). We have examined Robinson's other issues and conclude that the issues lack merit. In particular, the district court did not err in refusing the make copies of the petitioner's book for the respondents.
 
 
 16
 Accordingly, we grant Robinson's request for pauper status for purposes of this appeal only, deny his remaining requests for miscellaneous relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Stewart Newblatt, U.S. District Judge for the Eastern District of Michigan, sitting by designation