51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gildardo MONTOYA, Petitioner-Appellant,
v.
J.B. BOGAN, Respondent-Appellee.
 No. 94-2133.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: MILBURN, RYAN and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 Gildardo Montoya, a pro se federal prisoner, appeals a district court judgment dismissing his petition for habeas relief filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1987, Montoya was sentenced to 12 years of imprisonment for conspiring to possess with the intent to distribute cocaine. He also received a special parole term of life. Montoya was paroled on November 13, 1990, and was deported on December 28, 1990. Montoya illegally reentered the United States and was arrested in Pennsylvania on September 5, 1991, for possession of cocaine. Montoya admitted that he was making arrangements for the delivery of two kilograms of cocaine. Montoya was subsequently charged with multiple state drug crimes. Montoya was also indicted by federal authorities for unlawful entry of a deported alien. Montoya pleaded guilty to the federal indictment and was sentenced to ten months of imprisonment.
 
 
 4
 In April 1992, the United States Parole Commission issued a warrant for Montoya charging him with entry of a deported alien and possession of cocaine. The warrant was lodged as a detainer with state authorities. The state charges were dismissed in 1992 and the Commission's warrant was executed in January 1993. Montoya's parole revocation hearing was held on March 5, 1993. On March 25, 1993, the Commission revoked Montoya's parole, disallowed credit for the time he had spent on parole, and established a presumptive parole date after 64 months of incarceration. The National Appeals Board affirmed the Commission's decision on August 12, 1993.
 
 
 5
 Montoya then filed his habeas petition with the district court asserting that the Commission: 1) inaccurately determined his offense severity; 2) incorrectly rated his offense behavior as category six; and 3) failed to use the preponderance of the evidence standard in reaching its decision. Upon de novo review of a magistrate judge's report and over Montoya's objections, the district court dismissed the petition as meritless.
 
 
 6
 In his timely appeal, Montoya raises the same issues that he presented to the district court. He also claims that the Commission erred by not providing him an interpreter at the parole revocation hearing.
 
 
 7
 This court's review is limited to determining whether a rational basis exists for the Commission's conclusions. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Furthermore, the findings of fact by the Commission in granting or denying parole are not subject to review. See Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 8
 Upon review, we conclude that there was a rational basis for the Commission's conclusions. The Commission did not inaccurately establish Montoya's offense severity or calculate his behavior score. Further, the Commission's decision is based upon the preponderance of the evidence. The overwhelming evidence establishes that Montoya was engaged in a drug conspiracy. Therefore, the Commission's conclusions have a rational basis.
 
 
 9
 Finally, Montoya's due process claim concerning a lack of an interpreter at the parole revocation hearing is meritless. The record shows that Montoya's attorney was available as an interpreter if Montoya had any questions.
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation