89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin F. SALLEE, Jr., Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; Daniel Dove, as Warden,
Federal Correctional Institution, Respondents-Appellees.
 No. 95-6021.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; DUGGAN, District Judge.*
 
 ORDER
 
 2
 Benjamin F. Sallee, Jr., moves for pauper status and release on bond on appeal from a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in the United States District Court for the Southern District of New York in 1985, petitioner was convicted of distribution and possession with intent to distribute heroin. Petitioner was sentenced to 12 years of imprisonment with a fifteen year special parole term. Petitioner was admitted to parole in 1990, but the United States Parole Commission revoked petitioner's parole in 1993 following an evidentiary hearing. The revocation was affirmed by the National Appeals Board on appeal.
 
 
 4
 Thereafter, petitioner filed his petition in the district court alleging that he was deprived of his constitutional rights in the parole revocation proceedings. The government responded in opposition, and the magistrate judge recommended that the petition be denied as without merit. Petitioner filed objections, and the district court adopted the magistrate judge's recommendation and dismissed the petition. This timely appeal followed. On appeal, petitioner essentially attacks the factual basis supporting the parole revocation decision and contends that he received ineffective assistance of counsel in the revocation proceedings. The government responds that petitioner's claims are without merit.
 
 
 5
 Generally, judicial review of a parole revocation decision is limited to a determination of whether the Parole Commission abused its discretion. Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir.1984). An abuse of discretion has occurred when this court has a definite and firm conviction that a clear error of judgment has been made. Id. Essentially, a rational basis for a decision of the Parole Commission must exist. Hackett v. United States Parole Comm'n, 851 F.2d 127, 129 (6th Cir.1987) (per curiam). However, credibility determinations and findings of fact made by the Commission are insulated from judicial review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 6
 Here, a rational basis clearly exists to support the Parole Commission's decision to revoke petitioner's parole. Further, petitioner's claims that he received ineffective assistance of counsel are without merit. Petitioner cannot point to any prejudice to him as a result of the alleged errors by counsel. See Lynott v. Story, 929 F.2d 228, 232 (6th Cir.1991).
 
 
 7
 Accordingly, the motion for pauper status is granted, the motion for bond is denied, and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation