Timothy MILTON–VALES,
Petitioner–Appellant,

v.

John LAMANNA, Warden, et al.,
Respondents–Appellees.

No. 00–3460.

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2001.

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

Timothy Milton–Vales (also known as Timothy Vales) appeals pro se from a district court judgment that denied his habeas corpus petition filed under 28 U.S.C. § 2241. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Milton–Vales alleged that the Parole Commission had miscalculated the length of his federal parole-violator sentence and the amount of time that he had served before being paroled. The district court dismissed the petition on March 22, 2000. Milton–Vales's motion for reconsideration was denied, and now he appeals, moving for pauper status and an expedited review.

A *de novo* review of the record shows that Milton–Vales was sentenced to eight years of imprisonment for using an unauthorized access device with the intent to defraud, a violation of 18 U.S.C. § 1029. He began service of this sentence in August of 1990, after completing a prior state sentence. Milton–Vales was paroled on his federal "unauthorized use" sentence

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

approximately thirty-two months later. This was clarified by a notice that the Parole Commission issued in 1994, which indicated that he had been paroled "Nunc Pro Tunc on April 30, 1993."

However, Milton–Vales had received a consecutive, non-parolable sentence in 1992, for filing fraudulent tax returns. Hence, he was not released from federal prison until April 25, 1995, when his tax fraud sentence expired. Upon his release, Milton–Vales had completed approximately fifty-six months of federal prison time, including thirty-two months of actual service on his unauthorized use sentence and twenty-four months on his tax fraud sentence. He was also credited with twenty-four months towards the parole term on his unauthorized use sentence.

Milton–Vales was convicted of several state offenses in 1996. Thus, the Commission revoked his parole regarding the unauthorized use sentence on August 6, 1998, ruling that he would not be credited with any of the time that he had spent on parole. It also found that he would have to serve fifty-six months of imprisonment before he would again be eligible for parole.

■ Milton–Vales first alleged that the Commission increased his parole-violator term, based on an erroneous finding that he had not made a court appearance. He has abandoned this claim by failing to raise any specific arguments regarding it in his briefs on appeal. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997). We note, nonetheless, that the Commission's factual findings are not reviewable on appeal. *See Farkas v. United States,* 744 F.2d 37, 38–39 (6th Cir.1984).

■ Milton–Vales also alleged that the Commission miscalculated the time he had previously served on his unauthorized use sentence, as he was not paroled on that sentence until he received notice of his parole. This argument is unpersuasive because the disputed notice plainly indicates that he was paroled "Nunc Pro Tunc on April 30, 1993." Moreover, it is undisputed that Milton–Vales's tax fraud sentence was consecutive to the sentence he had received for the unauthorized use of an access device. Indeed, the Commission's notice clearly indicates that he was paroled to that consecutive sentence. Milton–Vales could not serve two consecutive sentences at the same time. Thus, the twenty-four months of actual imprisonment that he served between April 1993 and April 1995 were properly credited only to his tax fraud sentence.

We have considered Milton–Vales's other arguments, and they are all lacking in merit.

Accordingly, Milton–Vales's motion for pauper status is granted for the limited purpose of addressing this appeal, all other pending motions are denied as moot, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.