50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl A. PARKER, Petitioner-Appellant,
v.
Bob GUZIK, Respondent-Appellee.
 No. 94-5733.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1995.
 
 Before: BROWN, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Carl A. Parker, a pro se federal prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Parker was convicted of possession with intent to distribute heroin. He was sentenced to a twelve-year term of imprisonment. Parker was released on parole in February 1993.
 
 
 3
 On August 7, 1993, Floretta Kellin was stopped in the St. Louis, Missouri, airport after returning from California with a shipment of 272 grams of heroin. After she implicated Parker, the U.S. Parole Commission investigated and on September 16, 1993, issued a parole violator warrant for Parker's arrest. On September 27, 1993, Parker was provided a preliminary hearing and probable cause was found. On November 23, 1993, a revocation hearing was held. After the hearing, the panel examiner found Parker guilty of the following parole violations: (1) leaving the district without permission; (2) unauthorized possession of narcotics/dangerous drugs; (3) failure to report contact with law enforcement authorities; (4) violation of special conditions; and (5) failure to report change in residence. The panel examiner recommended that Parker serve 78-100 months and assigned a severity level of six to the more serious charge of possession of dangerous drugs. A Notice of Action was issued December 10, 1993. Parker denied any violation but did not provide an account of the facts that would be consistent with his innocence. On March 11, 1994, the National Appeals Board affirmed the decision to revoke Parker's parole.
 
 
 4
 In his habeas petition filed May 6, 1994, Parker challenged the decision of the Parole Commission revoking his parole. Parker made various arguments concerning the reliability and weight of the evidence relied on by the Parole Commission and alleged that the Commission did not permit him to cross-examine Kellin. Parker also argued that his due process rights were violated by inadequate notice of the charges for revocation. On May 9, 1994, the district court denied the petition.
 
 
 5
 On appeal, Parker continues to argue the merits of his case. He also contends that the district court should have ordered an evidentiary hearing prior to denying him habeas relief. Lastly, he contends that the district court committed reversible error when it held that 5 U.S.C. Sec. 701(a)(2) insulated the U.S. Parole Commission from judicial review.
 
 
 6
 Upon review, we conclude that the district court properly denied Parker's habeas petition. A review of a U.S. Parole Commission decision is limited to a determination of whether a rational basis exists for the Commission's conclusions. See Kimberlin v. White, 7 F.3d 527, 533 (6th Cir.1993); Hackett v. United States Parole Comm'n, 851 F.2d 127, 129-30 (6th Cir.1987) (per curiam). Neither the Commission's findings of fact nor its credibility determinations are subject to review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984).
 
 
 7
 To the extent that any of Parker's claims can be construed as challenging the factual determinations of the Parole Commission, they are not subject to review by this court. Id. Even if the merits of Parker's claims are considered, the district court's decision to deny habeas relief nonetheless was proper.
 
 
 8
 With regard to Parker's claim that the Parole Commission used hearsay evidence to revoke his parole, reasonably reliable hearsay information can be used in determining whether to revoke an offender's parole status. United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991); Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1155-56 (6th Cir.1984). Floretta Kellin's failure to appear at the revocation hearing, which allegedly denied Parker an opportunity to cross-examine Kellin, is also an insufficient basis for granting relief, because Parker did not request Kellin's presence at the parole revocation hearing. See 18 U.S.C. Sec. 4214(a)(1)(D). Kellin's statements nonetheless were properly viewed as reliable hearsay as these statements were declarations against her penal interest, that is, admissions of participation in a criminal enterprise.
 
 
 9
 Parker's argument that his due process rights were violated by inadequate notice of the charges for revocation is equally without merit for the reasons stated by the district court. Nor does Parker's citation to 5 U.S.C. Sec. 701(a)(2) provide a basis for habeas relief.
 
 
 10
 Finally, no evidentiary hearing was required as the record of the case conclusively showed that Parker was not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.