**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Juanito GARCIA, Defendant-Appellant.**

**No. 83–5370.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 7, 1983.

Decided Jan. 12, 1984.

Stephen B. Shankman, Memphis, Tenn. (Court-appointed), for defendant-appellant.

W. Hickman Ewing, Jr., U.S. Atty., Joe A. Dycus, Devon Gosnell (argued) Asst. U.S. Attys., Memphis, Tenn., for plaintiff-appellee.

Before EDWARDS and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Appellant appeals, alleging the introduction of improper and inflamatory material at his hearing on sentence. Appellant was convicted on his guilty plea of escape from a federal correctional institution at Memphis, Tennessee. His escape took place while he was serving a 12–60 year New Mexico sentence for second degree murder and burglary.

Without prior notice to defense counsel, who was present at the sentencing hearing, the United States Attorney introduced a letter, apparently written by the two daughters of a man for whose murder Garcia had been sentenced to the New Mexico Penitentiary. It contained not only a description of the murder of their father, but also the statement that Garcia had confessed to another murder in Mexico at some unnamed time and place, there being no indication that he had ever been charged or tried for that crime.

We recognize that there is much federal case law which holds that there is no abuse of discretion in the sentencing judge admitting hearsay evidence concerning the character of a convicted person at hearing on sentence: *Williams v. New York,* 337 U.S. 241, 244, 69 S.Ct. 1079, 1081, 93 L.Ed. 1337, *reh'g denied,* 337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760, 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed. 514 (1949); *United States v. Ammirato,* 670 F.2d 552, 557 (5th Cir.1982); *United States v. Plisek,* 657 F.2d 920, 924–25 (7th Cir.1981); *United States v. Ray,* 683 F.2d 1116, 1120–21 (7th Cir.), *cert. denied,* 459

U.S. 1091, 103 S.Ct. 578, 74 L.Ed.2d 938 (1982).

Our concern here is primarily with the failure of the United States Attorney to give notice of his intention so that defendant could have had a fair opportunity to rebut any statement which might be untrue. We recognize that the District Judge did give defendant's counsel and defendant an opportunity in open court to respond and that no specific response was made to the allegations in this letter. The underlying law on this problem is found in 18 U.S.C. § 3577:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

Under the total circumstances of this case, we cannot hold, as requested by appellant, that Judge Horton abused his discretion either in receiving the letter or in the sentence which he administered.

We do, however, consider the conduct of the United States Attorney to be, at the very least, open to criticism, and we caution the United States Attorneys in this circuit that prior notice of an intention to submit such a document at hearing on sentence to the defendant or his attorney may serve to prevent the entry of both false and damaging evidence which could occasion reversal. No claim of falsity having been advanced by appellant at the hearing when the District Judge gave opportunity for such, and no suggestion of falsity having been offered in this court, we find no abuse of discretion in the procedures employed by the District Judge in this case.

The judgment of the District Court is affirmed.