810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Franklin James BRINGLOE, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION and Warden, Federal
Correctional Institution, Memphis, Respondents-Appellees.
 No. 86-5133.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1986.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This federal pro se prisoner appeals from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. In his traverses filed in the district court, the petitioner stated that his various arguments are really subsumed in only one basic issue: whether the Parole Commission is barred from considering the petitioner's involvement in certain bank robberies in its determination of petitioner's presumptive parole date when the government agreed in petitioner's plea agreement not to prosecute the petitioner for his alleged involvement in the bank robberies. The district court concluded that the Parole Commission was not barred by the plea agreement, and that it was expressly authorized to consider the information as relevant to its parole determination pursuant to 28 C.F.R. § 2.20(d).
 
 
 2
 Upon review of the cause, this Court concludes that the district court properly dismissed petitioner's action for the reasons stated by it. A review of the plea agreement reveals that the government only agreed not to prosecute the petitioner for his involvement in the robberies; it did not promise to otherwise ignore petitioner's involvement in the robberies. The Parole Commission is, indeed, also expressly authorized under 28 C.F.R. § 2.19(b) to consider any relevant information, including hearsay evidence, concerning a prisoner when making a parole determination. See Farkas v. United States, 744 F.2d 37, 39 (6th Cir.1984); Campbell v. United States Parole Commission, 704 F.2d 106, 109-110 (3rd Cir.1983); cf. United States v. Garcia, 725 F.2d 52 (6th Cir.1984) (per curiam ).
 
 
 3
 The petitioner's remaining claims which he stated were subsumed in the previously stated issue are likewise without merit. The Parole Commission did not prejudice the petitioner by recalculating the guidelines applicable to his case from 78 plus months to 78 to 110 months before petitioner becomes eligible for parole consideration. Under Parole Commission guidelines, in fact, it is considered a favorable change to have the prisoner know the maximum range recommended by the guidelines. More strenuously, petitioner argues that the Parole Commission double counted factors to place him within the range of 78 to 110 months and then again to exceed the range to require that he serve 180 months before becoming eligible for parole. The record does not support this claim. Petitioner admitted to participating in at least nineteen other bank robberies, with the number possibly reaching thirty-three. This activity constitutes "good cause" under 28 C.F.R. § 2.20(c) to warrant exceeding the guidelines as it reflects criminal sophistication and excessive illegal behavior. See Harris v. Martin, 792 F.2d 52, 55 (3rd Cir.1986); Farkas v. United States, 744 F.2d at 39-40; Allen v. Hadden, 738 F.2d 1102, 1105-6 (10th Cir.1984). Petitioner's sentence was also not altered by the Commission's order determining a presumptive parole date beyond the guidelines or to the expiration of his sentence, whichever is earlier. Farkas v. United States, 744 F.2d at 40. The alleged denial of parole consideration after petitioner served one-third of his sentence also does not warrant habeas relief. Parole consideration at the one-third point under 18 U.S.C. § 4205(b)(2) does not employ any other special consideration than what was already utilized in this case. Farkas v. United States, 744 F.2d at 40.
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.